UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LARRY MARK POLSKY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:20-CV-146 |
| | § | |
| UNITED OF OMAHA LIFE INSURANCE | § | |
| COMPANY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Larry Polsky brings this action against United of Omaha Life Insurance Company and Omaha Supplemental Insurance Company, alleging causes of action individually and as the representative of a putative class.[1] (First Am. Compl., Doc. 10) Polsky alleges claims for fraud and violations of the Texas Deceptive Trade Practices Act, based on the Defendants' alleged failure to inform him that the Medicare supplemental insurance Plan G provided the same coverage at a lower cost as compared to the Plan F that he bought, and for their denial of his request to switch to the lower-cost plan.

### I

Defendants move to dismiss Polsky's causes of action under Federal Rule of Civil Procedure 12(b)(6). (Motion to Dismiss, Doc. 13) The Magistrate Judge issued a Report and Recommendation recommending that the Court grant the Motion and dismiss Polsky's claims. (R&R, Doc. 18) Polsky timely filed objections, to which Defendants have responded. (Objections, Doc. 19; Resp. to Objections, Doc. 20)

---

[1] Polsky proceeds *pro se*, but he is an attorney. (First Am. Compl., Doc. 10, 13) As a result, the Court does not apply the special considerations customarily granted to non-attorney *pro se* plaintiffs. *See U.S. ex rel. Holmes v. Northrop Grumman Corp.*, 642 F. App'x 373, 379 n. 10 (5th Cir. 2016) (holding a *pro se* attorney to the traditional pleading standard); *Powell v. Galveston Indep. Sch. Dist.*, No. CIV.A. G-06-415, 2006 WL 2239097, at *1 n. 3 (S.D. Tex. Aug. 1, 2006) (same).

The Court has conducted a de novo review of the record and the applicable law in this case. In his objections to the Report and Recommendation, Polsky largely re-urges arguments he presented to the Magistrate Judge, and which the Report and Recommendation ably and correctly addresses. Polsky also claims that the Magistrate Judge applied incorrect standards of review and ignored certain allegations within the First Amended Complaint. The Court finds these arguments unpersuasive.

## II

Polsky also requests that the Court consider three new documents in its consideration of the Motion to Dismiss, and that the Court grant him leave to file a Second Amended Complaint. (Objections, Doc. 19, 2, 6) The Court declines these requests.

The Court will not consider the documents attached to Polsky's Objections because, on a Rule 12(b)(6) motion to dismiss, a court considers only the facts alleged in the complaint, the exhibits attached to the complaint, and facts of which judicial notice may appropriately be taken. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). Polsky did not attach these documents to his First Amended Complaint. In addition, even if the Court considered the documents, they do not help Polsky. He describes the documents as three examples of "internet 'blogs' extolling the fact that Medigap 'G' is always is [sic] the better value for every customer then [sic] Medigap 'F'". (Objections, Doc. 19, 6) In other words, Polsky does not claim that the documents constitute representations by Defendants. Given that Polsky's causes of action are based on alleged misrepresentations by Defendants, the Court finds the three documents irrelevant to Polsky's claims, for purposes of the Rule 12(b)(6) analysis.

As to Polsky's request for leave to amend his complaint, a party may amend his pleading once as a matter of course, after which he must obtain the court's leave or the opposing party's written consent. FED. R. CIV. P. 15(a)(1)–(2); *see also Patrick v. Wal-Mart, Inc.—Store No. 155*, 681 F.3d 614, 622 (5th Cir. 2012) ("A plaintiff is entitled only to one amendment as of right; further opportunities are committed to the sound discretion of the trial court."). For subsequent

requests to amend a complaint, the "court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Whether to do so is left to "the sound discretion of the district court." *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 386 (5th Cir. 2003). As Polsky has already amended his complaint once, the Court will consider whether justice requires that he be allowed to further amend his allegations.

While a formal motion requesting leave to amend is not required, a requesting party must set forth "with particularity the grounds for amendment". *Id.* at 387 (citing FED. R. CIV. P. 7(b)(1)). In addition, a court may deny a request to amend a complaint when the proposed amendments would be futile because they would not state a claim on which relief could be granted. *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016). Polsky's request runs afoul of both of these principles.

In "Objection 1", Polsky requests to amend his complaint "to allege the Defendants wrongfully did not allow him to switch from a discontinued plan 'F' to plan 'G'". (Objections, Doc. 19, 2) In his "Conclusion", Polsky reiterates that he seeks to "allege[] the theories set forth is [sic] his 6 Objections". (*Id.* at 8) Aside from these general statements, he does not provide any proposed allegations or allege with particularity the grounds for the requested amendment. At best, Polsky requests leave to allege "the Defendants wrongfully did not allow him to switch from a discontinued plan 'F' to plan 'G'". (Objections, Doc. 19, 2) But this allegation closely tracks his current claims. For example, he alleges that Defendants wrongfully utilized his pre-existing medical history "as a 'bar' disallowing said existing policy holder to switch from Medi-gap Plan 'F' to Medi-gap Plan 'G'." (First Am. Compl., Doc. 10, ¶ 15(b)) Polsky does not make clear how his proposed allegations differ from his existing ones.

Polsky may be seeking to allege that the Defendants discontinued Plan F for all individuals, and then denied those individuals the opportunity to enroll in Plan G. If so, such an amendment would be futile, as the First Amended Complaint and the law demonstrate that such an allegation would not be true as to Polsky. As the Report and Recommendation finds, while "Plan F is no

longer available for sale to anyone who was not already eligible for Medicare as of January 1, 2020. . . . Persons who were already on Medicare before January 1, 2020 – *such as Polsky* – can keep their Plan F policy." (R&R, Doc. 18, 2 (emphasis added) (citing 42 U.S.C. § 1395ss(z)(1)–(2)) Consistent with this statute, Polsky never alleges and does not request leave to allege that Defendants precluded him from maintaining Plan F and simultaneously denied him the opportunity to enroll in Plan G. As a result, Polsky advances the proverbial "red herring fallacy" when he argues that his proposed amendment presents a case of "first impression" because it requires the Court to ask whether, "when a Medigap Policy is discontinued thru government action does a senior citizen have [sic] the absolute right to switch to another Medigap Policy without any pre-qualifiers?" (Objections, Doc. 19, 3) As the law and the First Amended Complaint establish, the government never "discontinued" Plan F as to Polsky.

### III

The Court **OVERRULES** Polsky's objections and **ADOPTS** the Report and Recommendation (Doc. 18). As a result, it is:

**ORDERED** that Defendants United of Omaha Life Insurance Company and Omaha Supplemental Insurance Company's Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 13) is **GRANTED**;

**ORDERED** that Plaintiff Larry Mark Polsky's causes of action in his First Amended Complaint (Doc. 10) are **DISMISSED WITH PREJUDICE**[2]; and

**ORDERED** that Plaintiff Larry Mark Polsky's request for leave to amend his complaint is **DENIED**.

---

[2] The dismissal of Polsky's causes of action in his individual capacity also applies to his claims as the representative of a putative class.

The Clerk of Court is directed to close this matter.

Signed on June 23, 2021.

Fernando Rodriguez, Jr.
United States District Judge